# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| STEVEN L. BRUDERER,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN DAVIS, State of Utah Dept. of Public Safety Criminal Investigations Officer; et al.,<br><br>Defendants. | REPORT AND RECOMMENDATION<br><br><br>Case No. 1:20-cv-00035-HCN-JCB<br><br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Jared C. Bennett |

District Judge Howard C. Nielson, Jr. referred this case to Magistrate Judge Paul M. Warner under 28 U.S.C. § 636(b)(1)(B).[1] Due to Judge Warner's retirement, this case is now referred to Magistrate Judge Jared C. Bennett.[2] For the reasons set forth below, the court recommends dismissing this action in its entirety without prejudice.

On March 30, 2020, pro se Plaintiff Steven L. Bruderer filed the complaint in the above-captioned action.[3] On August 31, 2021, after reviewing Mr. Bruderer's complaint under 28 U.S.C. § 1915(e) and DUCivR 3-2(b), the court concluded that Mr. Bruderer's Fourth Amendment claims against Officer Singleton, Officer Breeze, and Lieutenant McNaughton were

---

[1] ECF No. 5.

[2] ECF No. 6.

[3] ECF No. 3.

sufficient to proceed.[4] Thereafter, on September 3, 2021, the court ordered Mr. Bruderer to prepare and submit to the Clerk's Office a completed summons and Form USM-285 for each of the remaining Defendants in the action so that the United States Marshal could serve each Defendant with a summons and a copy of Mr. Bruderer's complaint.[5] The court gave Mr. Bruderer up to and including September 20, 2021 to submit the required information and warned him that failure to comply with the court's September 3, 2021 Order could result in the dismissal of this action.[6]

      Mr. Bruderer failed to comply with the September 3, 2021 Order. As of today's date, Mr. Bruderer has failed to submit any information to Clerk's Office, and he has not had any communication with the court explaining his failure to do so. Additionally, the docket reflects that Mr. Bruderer's address – the address listed on the complaint and on file with the court – is no longer valid.[7] Mr. Bruderer's failure to immediately notify the Clerk's Office in writing of any change of address is a violation of DUCivR 83-1.7.[8]

---

[4] ECF No. 11 (Docket Text Order adopting ECF No. 10, the July 26, 2021 Report and Recommendation of Magistrate Judge Jared C. Bennett).

[5] ECF No. 13.

[6] *Id.*

[7] ECF Nos. 12 & 14.

[8] DUCivR 83-1.7(a) ("A party proceeding without an attorney (unrepresented party or pro se party) is obligated to comply with: (1) the Federal Rules of Civil Procedure; (2) these Local Rules of Practice; . . . (4) other laws and rules relevant to the action."); DUCivR 83-1.7(b) ("An unrepresented party must immediately notify the Clerk's Office in writing of any name, mailing address, or email address changes.").

The Federal Rules of Civil Procedure provide that where a party fails to obey a scheduling or other pretrial order, the court may issue "any just orders" including an order "dismissing the action."[9] Given Mr. Bruderer's failure to comply with this court's prior order, and because Mr. Bruderer was previously and explicitly warned that his failure to comply could result in the dismissal of this action, IT IS HEREBY RECOMMENDED that the above-captioned action be DISMISSED in its entirety without prejudice.

\* \* \* \* \*

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[10] The parties must file any objection to this Report and Recommendation within 14 days after being served with a copy of it.[11] Failure to object may constitute waiver of objections upon subsequent review.

DATED October 1, 2021.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[9] Fed. R. Civ. P. 16(f)(1)(C) ("On motion or on its own, the court may issue any just orders, including those authorized by [Fed. R. Civ. P.] 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order."); Fed. R. Civ. P. 37(b)(2)(A)(v) (providing that the court "may issue further just orders," including "dismissing the action or proceeding in whole or in part").

[10] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[11] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).